# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. CLOUGH, JR.,<br><br>Plaintiff,<br>v.<br><br>CHRIS BARKER,<br><br>Defendant. | Case No. 1:26-cv-06508-KES-EGC<br><br>**FINDING AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND**<br><br><u>TWENTY-ONE (21) DAY DEADLINE</u><br><br>(Doc. 1) |

Plaintiff Robert S. Clough, Jr. is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his Complaint on August 17, 2026. (Doc. 1). Upon review, the Court concludes that that complaint fails to state any cognizable claims and that amendment would be futile. Therefore, the undersigned will recommend that this case be dismissed without leave to amend.

### I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune

defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint, which utilizes the form "Complaint for a Civil Case," names as Defendant Chris Barker, Valor Healthcare Inc., General Counsel and Contracting. (Doc. 1 at 1–2). Under a section titled "Basis for Jurisdiction," Plaintiff checked "Federal question" and states that the basis is "The 'Privacy Act' of 1974, 5 U.S.C. § 552(a) prohibits disclosure of personal records, causing adverse effects." (*Id.* at 4).

As to the amount in controversy, Plaintiff writes "$350,000.00 for destruction of my existence with Colorado, Perm, Public, Criminal run, ruin w false claim." (*Id.* at 5).

As to Plaintiff's "Statement of Claim," he writes "Valor Healthcare, contract VA social worker on 9-12-2024wrongfully released my personal protective records to sate and local police causing my being perm public ruin in Durango where I will be arrested with false claim." (*Id.*).

As to relief, Plaintiff writes that he seeks "Punitive Damages, to punish me for being disabled this wat is cruel and sadistic torture of my disability causing permanent protection order I cannot remove and psycho-sexual [illegible] + incapacitation [illegible], police causing permanent legal costs, + threat of arrest." (*Id.* at 6).

The remainder of his complaint is comprised of over 65 pages of miscellaneous attachments and exhibits that purportedly support Plaintiff's claims.

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies, where appropriate.

### A. Privacy Act of 1974 (5 U.S.C. § 552a)

Plaintiff alleges that Defendant violated his rights under 5 U.S.C. § 552a. (Doc. 1 at 4). However, the Ninth Circuit "has held that the private right of civil action created by the Privacy Act, *see* 5 U.S.C. § 552a(g)(1) (providing that a private individual 'may bring a civil action against the agency'), 'is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the [Privacy Act] do not apply against private individuals, state

agencies, private entities, or state and local officials.'" *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985)). Plaintiff has no private right of action under the Privacy Act against Defendant because he is not an agency of the United States Government. Accordingly, the undersigned recommends dismissing Plaintiff's 5 U.S.C. § 552a claim against Defendant. Further, the undersigned also finds that any amendment would be futile to cure this deficiency and does not grant Plaintiff leave to amend this claim. *Baeza v. Grundowicz*, No. 24-CV-999-DMS-VET, 2024 WL 4611446, at *5 (S.D. Cal. Oct. 29, 2024).

## IV. CONCLUSION & RECOMMENDATION

For the aforementioned reasons, the undersigned recommends dismissing Plaintiff's complaint, (Doc. 1), without leave to amend.

These Findings and Recommendation are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of these Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 18, 2026**

UNITED STATES MAGISTRATE JUDGE